OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

September 4, 2002

The Honorable Warren Chisum
Chair, Environmental Regulation Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0550

Re: Whether the Texas Funeral Service Commission is authorized to register nonprofit cemeteries, and related questions (RQ-0523-JC)

Dear Representative Chisum:

In 2001, the Texas Legislature amended chapter 651 of the Occupations Code to extend the regulatory authority of the Texas Funeral Service Commission (the "Commission") to the operation of cemeteries and crematories. *See* Act of May 21, 2001, 77th Leg., R.S., ch. 682, 2001 Tex. Gen. Laws 1288. You ask about the Commission's authority under amended chapter 651 to register and investigate cemeteries and crematories and to require that cemeteries or crematories submit to the Commission copies of purchase agreements or retail price lists.[1] We conclude that the Commission is required to register cemeteries "operated not-for-profit" if the cemeteries sell goods or services related to the burial or disposition of a body. Additionally, we conclude that owners or operators of crematories located on the site of perpetual care cemeteries are required to register with the Commission and pay the required registration fee. We also conclude that the Commission is authorized to investigate cemeteries or crematories only upon the receipt of consumer complaints. Finally, we conclude that the Commission is authorized to request from cemeteries or crematories copies of their purchase agreements and retail price lists.

Before addressing your specific questions, we briefly review the relevant provisions of chapter 651 of the Occupations Code as amended in 2001. Chapter 651 now requires cemeteries and crematories that sell funeral-related goods and services to register with the Commission. Section 651.653 provides that a person may not conduct a cemetery or crematory business unless the owner or operator registers with the commission and pays a registration fee. *See* TEX. OCC. CODE ANN. § 651.653(a), (c) (Vernon 2002). A "cemetery," for the purposes of chapter 651, is "a place that is used or intended to be used for interment, and includes a graveyard, burial park, or mausoleum." *Id.* § 651.001(1). A "crematory" is "a structure containing a furnace used or intended to be used for the cremation of human remains." *Id.* § 651.001(3). While "cemetery" and "crematory" are broadly

---

[1]*See* Letter from Honorable Warren Chisum, Chair, Environmental Regulation Committee, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Mar. 12, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

defined, the registration requirements apply "only to a cemetery or crematory that sells goods or services related to the burial or final disposition of a body." *Id.* § 651.652(a).[2]

Additionally, chapter 651 authorizes the Commission to investigate and inspect cemeteries and crematories. Section 651.202(c) requires the Commission to "investigate each complaint received by the commission relating to a funeral director . . . or *other person* licensed or *registered under this chapter.*" *Id.* § 651.202(c) (emphasis added). Section 651.1575 authorizes the Commission to inspect a cemetery or crematory if the Commission receives a complaint about that facility. *See id.* § 651.1575. Finally, the statute requires cemeteries and crematories to disclose to consumers information regarding the goods and services they provide. Section 651.4055, pertaining to cemeteries and crematories, requires that a "retail price list" include, among other information, the price of items and services provided by the cemetery or crematory, *see id.* § 651.4055; and section 651.4065 requires that a "purchase agreement" signed by the "registrant" for the cemetery or crematory include, among other information, the costs and fees charged by the cemetery or crematory, *see id.* § 651.4065.

With this background, we turn to your questions. You first ask whether the Commission is required to register cemeteries "operated not-for-profit." *See* Request Letter, *supra* note 1, at 1. The registration requirements of subchapter N of chapter 651 apply "only to a cemetery or crematory that sells goods or services related to the burial or disposition of a body." TEX. OCC. CODE ANN. § 651.652(a) (Vernon 2002). Thus, the statute exempts from the registration requirements cemeteries that do not sell funeral-related goods and services. *See id.* The statutory distinction for registration purposes is not premised on the "nonprofit" character of the entity. We note that a cemetery may be operated by, among other persons, a nonprofit corporation or a corporation operated for profit. *See* TEX. HEALTH & SAFETY CODE ANN. § 711.021(b) (Vernon Supp. 2002). A cemetery that sells goods and services may or may not be operated for profit. Additionally, the fact that an organization is not operated for profit does not mean that it does not or cannot sell goods and services or make a profit. The terms "nonprofit" and "not-for-profit" misleadingly suggest that an organization makes no profit, but such an entity "actually does earn profits and then applies them to charitable purposes." BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 596 (2d ed. 1995) (explaining usage of "nonprofit; not-for-profit"). These terms more accurately reflect that an organization's "purpose is not for private gain, though indeed the organization may profit." *Id.* Accordingly, we conclude that the Commission is required to register cemeteries "operated not-for-profit" if they sell goods or services related to the burial or disposition of a body.

You next ask whether the Commission "is required to register crematories that are on the site of a perpetual care cemetery already registered with the Texas Banking Commission." Request Letter, *supra* note 1, at 1. We understand you to ask whether owners or operators of such

---

[2]Subchapter N of chapter 651 does not apply to the maintenance of a cemetery or crematory, including "maintenance of any goods or services provided under chapter 711 [general provisions relating to cemeteries] or 712 [provisions relating to perpetual care cemeteries], of the Health and Safety Code." *Id.* § 651.652(b).

crematories are required to register with the Commission and to pay the required registration fee.[3] Because chapter 651 does not expressly except from its general registration requirements the owners or operators of crematories located on the site of perpetual care cemeteries, we conclude that such crematory owners or operators must register with the Commission and pay the required registration fee.

By way of background, we note that the owner or operator of a crematory may be different than the owner or operator of a cemetery. A crematory must be located in a cemetery. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 711.006(a) (Vernon Supp. 2002) (crematory must be established or maintained only in burial park); 711.001(2) (cemetery includes burial park); *see also* TEX. OCC. CODE ANN. § 651.001(1) (Vernon 2002) ("cemetery" is "a place that is used or intended to be used for interment, and includes a graveyard, burial park, or mausoleum"). But no provision that we have found requires the crematory to be owned or operated by the person who owns or operates the cemetery. *See also* SUNSET ADVISORY COMMISSION, FUNERAL SERVICES COMMISSION, STAFF REPORT (2000) at 48 [hereinafter Staff Report] ("Crematories are required by Texas law to be located in a cemetery. [But] [t]he owner of a crematory may or may not be the same person as the owner of the cemetery. For example, a crematory operating in Burnet leases land from the local city cemetery.").

In general, an owner or operator of a cemetery or crematory is required to register with the commission and pay a registration fee in order to conduct a cemetery or crematory business in the state. Section 651.653 provides as follows:

> (a) A person may not conduct a cemetery or crematory business in this state unless an individual who is the owner or operator of the cemetery or crematory registers with the commission.
>
> (b) A cemetery or crematory may be owned by a person who is not registered under this chapter.
>
> (c) To register, the individual must apply for registration and pay the registration fee. The commission shall register the individual on determining that the individual satisfies the requirements of this section.

TEX. OCC. CODE ANN. § 651.653(a)-(c) (Vernon 2002). *See also* Staff Report at 52 ("For purposes of this [registration] recommendation, registration would consist of an application outlining the purpose of the business, location of the business, and indicate the individual, either the owner or the operator, to be held liable for business practices. If the crematory and the cemetery have separate owners, the cemetery and crematory owners would register independently.")

---

[3]*See* Letter from Honorable Warren Chisum, Chair, Environmental Regulation Committee, Texas House of Representatives, to Chet Robbins, Executive Director, Texas Funeral Service Commission, at 2-3 (Mar. 12, 2002) (on file with Opinion Committee) [hereinafter Chisum Letter].

A narrow exception to the general registration requirement is created for perpetual care cemeteries. While the Commission is required to register perpetual care cemeteries, the owners or operators of perpetual care cemeteries do not have to apply and register with the Commission or pay a registration fee. The Commission itself is required to register perpetual care cemeteries from a list requested from and provided by the Texas Department of Banking (the "Banking Department"). Section 651.654 provides that:

> (a) On request by the commission, the Texas Department of Banking shall provide the commission a list of perpetual care cemeteries, including the address and other contact information for each cemetery. The commission shall annually register, under this subchapter, each perpetual care cemetery on that list.

> (b) A perpetual care cemetery is not required to pay a registration fee under this subchapter.

*Id.* § 651.654. A "perpetual care cemetery" here is "a person who notifies the Texas Department of Banking of its intent to operate a perpetual care cemetery in this state under Section 712.0031" of the Health and Safety Code. *Id.* § 651.651.

Perpetual care cemeteries are regulated to a certain degree by the Banking Department under chapter 712 of the Health and Safety Code. *See generally* TEX. HEALTH & SAFETY CODE ANN. §§ 712.001-.048(a) (Vernon Supp. 2002). Under chapter 712 of the Health and Safety Code, a perpetual care cemetery must file with the secretary of state articles of incorporation showing the location of the cemetery and financial information regarding the corporation's capital. *See id.* § 712.003(a); *see also id.* § 712.002 (persons exempted from chapter 712). Within thirty days of the filing of the articles of incorporation with the secretary of state, the corporation must notify the Banking Department of its intent to operate a perpetual care cemetery and provide financial and organizational information about the corporation. *See id.* § 712.0031. The corporation must also establish a trust fund that may only be used for the maintenance and care of the perpetual care cemetery and that must be invested, funded, and accounted for in accordance with the requirements set forth in the statute. *See id.* §§ 712.021, .025, .028-.029. Chapter 712 does not include a definition of "perpetual care cemetery" or speak to a crematory located on the site of a perpetual care cemetery.

In sum, chapter 651 generally requires that owners or operators of cemeteries or crematories register with the Commission and pay the required registration fee. The statute expressly excepts only owners or operators of perpetual care cemeteries from registering with the Commission and paying registration fees. When the legislature crafts specific exclusions or exceptions to a statute, no other exceptions are generally intended. *See Unigard Sec. Ins. Co. v. Schaffer*, 572 S.W.2d 303, 307 (Tex. 1978); *City of Dallas v. McKasson*, 726 S.W.2d 173, 176 (Tex. App.-Dallas 1987, writ ref'd n.r.e.). Accordingly, we construe the perpetual care cemetery exception narrowly and read the

statute's general registration requirements to apply to owners or operators of crematories located in perpetual care cemeteries.

It could be argued that if the crematory and the perpetual care cemetery are owned or operated by the same person, the owner or operator should not be required to register with the Commission with respect to the crematory because, as a practical matter, the Commission would have the necessary regulatory information from the Banking Department. *See* Chisum Letter, *supra* note 3, at 3. We note, however, that the owner or operator would not be registered as the owner or operator of a crematory. It is also unclear whether the Commission would have information about the operation of the crematory based on the list provided by the Banking Department. But, in any case, if the registration requirements are indeed unnecessary or unintended, it is the province of the legislature to make exceptions from the general registration requirements for common ownership of a perpetual care cemetery and crematory located in such cemetery.

You ask next whether the Commission "has the authority to investigate a cemetery or crematory whether or not a consumer complaint has been filed." Request Letter, *supra* note 1, at 1. We conclude that the Commission is authorized to investigate cemeteries or crematories only upon the receipt of consumer complaints. Chapter 651 does not grant the Commission general investigatory authority with respect to cemeteries and crematories. Section 651.202(c) directs the Commission to investigate complaints:

> The commission shall investigate each complaint received by the commission relating to a funeral director, embalmer, provisional license holder, funeral establishment, or *other person licensed or registered under this chapter.*

TEX. OCC. CODE ANN. § 651.202(c) (Vernon 2002) (emphasis added). This provision in isolation could be read to mandate the Commission to investigate complaints and to give it discretion to investigate cemeteries or crematories when no complaints have been filed. However, we are required to construe it in the context of other provisions of the statute. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999) (in determining legislative intent, court looks at entire act rather than single section in isolation). Section 651.1575 specifically ties the Commission's authority to inspect cemeteries and crematories to the receipt of a complaint: "The commission may inspect a cemetery or crematory only if the commission receives a complaint about the facility under Section 651.202." TEX. OCC. CODE ANN. § 651.1575 (Vernon 2002). And section 651.1575 does not provide a context that would support a liberal reading of the Commission's investigatory authority.

Finally, you ask whether the Commission "has the authority to require a cemetery or crematory to send the agency a copy of the purchase agreement disclosure." Request Letter, *supra* note 1, at 1. We assume you ask about the Commission's authority to request copies of both the retail price list and the purchase agreement. We conclude that the Commission is authorized to request from cemeteries and crematories copies of these documents.

A state administrative agency has only those powers expressly conferred upon it by statute. *See Pub. Util. Comm'n v. City Pub. Serv. Bd. of San Antonio*, 53 S.W.3d 310, 315 (Tex. 2001). But an agency may also have implied powers that are reasonably necessary to carry out its express statutory responsibilities because "when the Legislature expressly confers a power on an agency, it also impliedly intends that the agency have whatever powers are reasonably necessary to fulfill its express functions or duties." *Id.* at 315-16. On the other hand, an agency may not exercise what is effectively a new power, or a power that is contrary to the statute, on the theory that such power is administratively expedient. *See id.* at 316.

We believe the Commission has implied authority to request from cemeteries or crematories copies of purchase agreements and retail price lists. The Commission is not expressly authorized to request a cemetery or crematory to submit a purchase agreement or retail list. But that authority is reasonably necessary to carry out the Commission's express authority to ensure compliance with the consumer disclosure requirements of sections 651.4055 and 651.4065 of the Occupations Code.

Section 651.4055 and section 651.4065 require cemeteries and crematories to provide to consumers retail price lists and purchase agreements containing information for the benefit and protection of consumers. Section 651.4055 defines a "retail price list" as "a printed or typewritten list of the retail price of items or services provided by a cemetery or crematory," and requires it to include the name, address, and telephone number of the cemetery or crematory; effective date of stated prices; a printed notice advising the customer regarding his or her freedom to choose only the goods and services desired; and "any other items that the commission may by rule require." TEX. OCC. CODE ANN. § 651.4055 (Vernon 2002). Similarly, section 651.4065 provides that a "purchase agreement," signed by the "registrant for the cemetery or crematory" must state the name, address, and telephone number of the facility; the amounts due from the customer; the Commission's address and telephone number; that complaints may be directed to the Commission; and "any other items that the commission may by rule require." *Id.* § 651.4065(a)-(c). In Attorney General Opinion JC-0512, this office determined that sections 651.4055 and 651.4065 require cemeteries and crematories to provide these documents with the requisite information to consumers. *See* Tex. Att'y Gen. Op. No. JC-0512 (2002) at 5. In that opinion, the office also concluded that failure to comply with these provisions was a violation of chapter 651 that the Commission may regulate. *See id.* The Commission cannot reasonably determine whether the requisite information is provided to consumers if it cannot obtain and review copies of the documents. *See also* TEX. OCC. CODE ANN. § 651.460(a)(2) (Vernon 2002) (providing that a person violates chapter 651 if the person "fails to retain and make available to the commission, on request, copies of all price lists, written notices, embalming documents, and memoranda of agreement required by this chapter").

## S U M M A R Y

Under chapter 651 of the Occupations Code, the Texas Funeral Service Commission (the "Commission") is required to register cemeteries "operated not-for-profit" if they sell goods or services related to the burial or disposition of a body. Additionally, owners or operators of crematories located on the site of perpetual care cemeteries are required to register with the Commission and pay the required registration fee. The Commission is authorized to investigate cemeteries or crematories only upon the receipt of consumer complaints. Finally, the Commission is authorized to request from cemeteries or crematories copies of their purchase agreements and retail price lists.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee